UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHERINE I. SULLIVAN, | : |
| Plaintiff, | : CASE NO. 3:02CV01932 (AVC) |
| v. | : |
| DANA CORPORATION (VIRGINIA), | : |
| Defendant. | : APRIL 12, 2004 |

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT

The defendant, Dana Corporation ("Dana"), hereby opposes the plaintiff's request, filed March 10, 2004, to amend her complaint for the following reasons: 1) her request is untimely made under the Court's scheduling order and she has failed to demonstrate good cause under Rule 16(b), Fed.R.Civ.P., for the modification of that schedule, 2) her "eleventh hour" amendment would prejudice Dana in this litigation, and 3) the claim she seeks permission to include in her complaint at this late date fails to state a claim upon which relief can be granted.

I.  **STATEMENT OF THE CASE**

The plaintiff commenced this action by filing a three-count complaint against Dana, her former employer, and against William H. Wagner ("Wagner"), her immediate supervisor at Dana, on October 30, 2002. The plaintiff's complaint alleged that she

was terminated from her employment on March 11, 2002, on account of her age (first count), on account of a physical disability (second count), and in breach of a contract of employment (third count).

On January 15, 2003, this Court entered a scheduling order that specified, among other things, that the plaintiff was required to file all motions to amend her pleadings no later than September 1, 2003.

On July 17, 2003, the Court granted Dana and Wagner's motion to dismiss the third count of the complaint and to dismiss all claims against Wagner.

On August 13, 2003, the plaintiff served an amended two-count complaint that reflected the Court's dismissal of the third count and the dismissal of Wagner as a defendant.

As of September 1, 2003, the date by which the plaintiff was required under the scheduling order to file any motion to amend her pleadings, the plaintiff had filed no motion seeking any further amendment in her complaint.

The plaintiff deposed Wagner on November 18, 2003. Dana deposed the plaintiff on March 8, 2004.

On March 9, 2004, more than six months after the deadline established under the scheduling order for the amendment of pleadings had expired and more than a year and a half after the

plaintiff had commenced this action, the plaintiff served her request for leave to file a second amended complaint.

On March 11, 2004, the plaintiff served a motion to extend the deadline for completing discovery in this case from March 31, 2004, to May 14, 2004.

## II. THE PROPOSED AMENDED PLEADING

The plaintiff seeks permission to add a new third count to her complaint that purports to allege a common law claim for "retaliatory discharge" under the principles enunciated by the Connecticut Supreme Court in *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d. 385 (1980).

Specifically, the plaintiff's proposed new claim alleges that in May 2000 she was directed by Dana's Vice President of Human Resources "to assist the company in responding to a charge of employment discrimination that had been filed against it." Proposed Amended Complaint, Third Count at ¶4. The proposed complaint further alleges that "[a]t that time, [the plaintiff] provided [Dana] with information that was beneficial to the claimant and damaging to [Dana]." *Id.* at ¶5. The proposed complaint finally alleges that the plaintiff was terminated in March 2002 "in retaliation for having failed to provide the company with information that would have assisted [it] in its defense of the charge of employment discrimination that was pending against it in May 2000." *Id.* at ¶9.

3

The plaintiff's motion for leave to amend her complaint offers no reason why this claim was not included in the original complaint filed more than a year and a half ago. In this regard, the plaintiff does not assert that she was unaware of the alleged factual basis for her new claim when she commenced this action. Moreover, the plaintiff does not assert that she filed her belated request for leave to amend because of newly discovered evidence or a change in existing case law. Instead, it is apparent that the plaintiff simply overlooked the possibility of making the claim she now seeks to add to her complaint.

### III. THE PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HER COMLAINT SHOULD BE DENIED

#### A. The Applicable Legal Standard

A motion to amend the complaint is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

A motion for leave to amend the complaint is properly denied, however, if the defendant demonstrates undue delay on the part of the plaintiff in filing the amended complaint, undue prejudice if the amended complaint is permitted, or the futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962);

4

*Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003); *Dougherty v. Town of North Hempstead Board of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002). An amendment to a pleading is futile, if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Dougherty, supra,* at 88; *Absher v. Flexi International Software, Inc.*, 2003 WL 2002778 at *3 (D.Conn. 2003)(copy attached in Exhibit A hereto).

The denial of a motion for leave to amend the complaint is reviewed for an abuse of discretion. *Grochowski, supra; Dougherty, supra* at 87.

### B. The Plaintiff's Request For Leave To Amend Her Complaint Constitutes Undue Delay And She Has Failed To Demonstrate Good Cause For Her Failure To Comply With The Court's Scheduling Order

The plaintiff has filed her request for leave to amend the complaint more than a year and a half after she commenced this action and more than six months after the deadline for such amendments established under the Court's scheduling order expired.

Where, as here, a scheduling order has been entered, the otherwise lenient standard under Rule 15(a), which provides that leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b), Fed.R.Civ.P., that the Court's scheduling order "shall not be modified except upon a showing of good cause." *Grochowski, supra* (citing *Parker v. Columbia*

*Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)). "A finding of good cause depends on the diligence of the moving party." *Id.*

In *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458 (2d Cir. 1994), the Second Circuit affirmed the district court's denial of the defendant's motion to amend its answer to plead a counterclaim. In that case, the district court had set April 30, 1992, as the deadline for the amendment of pleadings. On August 28, 1992, the defendant moved to amend its answer. The defendant claimed that its delay in amending its pleading was caused by the death of its Human Resource Director in February 1992. The Second Circuit nevertheless found undue delay, noting that the defendant was more than four months late with its amendment. *Id.* at 462. Here, the plaintiff is more than six months late in seeking permission to amend her complaint and has offered no reason at all, let alone "good cause," for her delay.[1]

In *Grochowski, supra*, the plaintiffs sought to amend their complaint as a result of a state court decision issued fourteen months earlier. *Id.* at 87. The Second Circuit affirmed the district court's denial of the plaintiffs' motion to amend their complaint, in part, because they had delayed more than a year

---

[1] In *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995), the Second Circuit cited the decision in *John Hancock Mut. Life Ins. Co., supra*, in reference to what constitutes undue delay under Rule 15.

before seeking to amend their complaint. *Id.* Here, the plaintiff does not claim that she was unaware of the claim she now seeks to allege and offers no reason why she delayed for more than a year and a half following commencement of this action before seeking to amend her complaint.

Under the foregoing authorities, it is apparent that the plaintiff's delay in seeking to amend her complaint beyond the deadline established in the Court's scheduling order was "undue."

Beyond this, the plaintiff has failed in any way to satisfy her separate and independent obligation under Rule 16(b) to establish good cause for modifying the deadline contained in the scheduling order for the amendment of pleadings. Inasmuch as a finding of good cause depends on the plaintiff's diligence, *Grochowski, supra,* her failure to offer any reason for her noncompliance with the scheduling order's deadline precludes such a finding.[2] Having failed to demonstrate good cause for failing to comply with the Court's scheduling order, the

---

[2] *See Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 & n.11 (2d Cir. 1984)(denying belated motion to amend complaint to add alternative theory of damages where alternative theory could have been advanced in original complaint); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973), *cert. denied,* 416 U.S. 939 (1974)(a misconception of the law is not an excuse for late presentation of an alternative theory of recovery that could have been raised initially); *Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976)(ignorance of the law is an insufficient basis for leave to amend complaint to add alternative theories of recovery following undue delay).

plaintiff's request for leave to amend her complaint should be denied.

### C. The Plaintiff's Undue Delay Has Prejudiced Dana

Dana must be able to rely at some point that the pleadings are closed and the claims are fixed. The plaintiff has already taken the deposition of Wagner, her former supervisor, and Dana has taken the plaintiff's deposition.

Should the plaintiff be permitted to amend her complaint, a new claim based on a different legal theory and a new factual basis would be introduced into the case. Dana would be prejudiced by the plaintiff's amendment more than eighteen months after suit was filed and after Dana has taken the plaintiff's deposition. Dana's subjection to unending litigation and unending alternative claims arising from facts known to the plaintiff at the time of her employment termination and at the time she commenced litigation is highly prejudicial.

It is not in the interests of justice to permit the belated amendment sought by the plaintiff under Rule 15(a), Fed.R.Civ.P., and her request for leave to amend her complaint should accordingly be denied.

### D. The Plaintiff's Amendment Could Not Withstand A Motion To Dismiss And It Would, Therefore, Be Futile

The third count that the plaintiff seeks to add to her complaint is for "retaliatory discharge." Proposed Amended

Complaint, Third Count at ¶¶ 10, 11. The essential allegations forming the basis of the plaintiff's claim are that she was fired in retaliation for having failed to provide Dana with information that would have assisted it in the defense of a charge of employment discrimination filed by another employee. *Id*. at ¶¶ 4, 5, 9.

The purported legal basis of the plaintiff's claim is found in the Connecticut Supreme Court's decision in *Sheets v. Teddy's Frosted Foods, Inc., supra*. In *Sheets*, an employee filed suit against his employer claiming that he had been fired in retaliation for his insistence that his employer comply with the requirements of the Connecticut Food, Drug and Cosmetic Act. In considering the legal sufficiency of that claim, the Connecticut Supreme Court recognized a common law cause of action in tort for "wrongful discharge," if a terminated at-will employee could prove "a demonstrably improper reason," whose impropriety is derived from some important violation of public policy, for dismissal. *Id*. at 475.

A *Sheets* claim, however, represents a "narrow public policy exception to the general rules governing the termination of at-will employment relationships." *Carbone v. Atlantic Richfield Co.*, 204 Conn. 460, 467, 528 A.2d 1137 (1987). Under this exception, "the employee has the burden of pleading and proving

that his dismissal occurred for a reason violating public policy." *Id.*

In *Burnham v. Karl and Gelb, P.C.*, 252 Conn. 153, 745 A.2d 178 (2000), the Connecticut Supreme Court established a limitation on the *Sheets* public policy exception to the at-will doctrine. In *Burnham*, the Court noted with approval the Connecticut Appellate Court's conclusion in *Atkins v. Bridgeport Hydraulic Co.*, 5 Conn. App. 643, 501, A.2d 1223 (1985), that the wrongful discharge claim was established in *Sheets* in consideration of "the fact that in the context of [that] case the employee was *otherwise without a remedy* and that permitting the discharge to go undressed would leave a valuable social policy to go unvindicated." *Burnham, supra* at 159-160, citing *Atkins, supra* at 648.

Accordingly, the Connecticut Supreme Court held in *Burnham* that an action for wrongful discharge is unavailable to an at-will employee, if a statutory remedy exists under either federal or state law to redress the violation of public policy manifested by the employer's conduct. *Id.* at 159-162. An available statutory remedy bars the wrongful termination action, moreover, regardless of whether the plaintiff has taken advantage of it or whether the remedies provided by the statute are lesser or narrower than the remedies potentially available in the tort action. *Id.* at 159-162, 184-185. Thus, a common

10

law wrongful discharge claim by an at-will employee asserting violation of the public policy against discrimination will be dismissed upon a showing of the existence of statutory redress for the alleged discriminatory discharge under state or federal law. *Armstead v. The Stop & Shop Companies, Inc.*, 2003 WL 1343245 at *3 (D.Conn. 2003)(copy attached in Exhibit A hereto); *Dallaire v. Litchfield County Association for Retarded Citizens, Inc.*, 2001 WL 237213 at *3-4 (D.Conn. 2001)(copy attached in Exhibit A hereto).

Under the foregoing authorities the plaintiff's proposed third count should not be permitted, if it fails to satisfy any one of the following three essential elements: 1) that the plaintiff alleges that she was an employee at will, 2) that the plaintiff alleges that her termination was in violation of "a clear mandate of public policy,"[3] or 3) a statutory remedy exists to redress the violation of public policy manifested by the employer's conduct. As is explained below, the plaintiff has failed to meet all three of these essential elements.

First, the plaintiff's proposed amended complaint does not allege that she was an employee at will. Indeed, the third count of the plaintiff's original complaint alleged that she had an implied employment contract with Dana.

---

[3] *See Sheets, supra* at 474.

11

Second, the plaintiff's proposed amended complaint does not allege that the termination of her employment was in violation of public policy. Although the plaintiff has characterized her termination as a retaliatory discharge, the complaint does not allege or identify any public policy that Dana's alleged retaliation is claimed to have violated. The plaintiff's failure to allege that her discharge was in violation of public policy is fatal to her claim. *See Carbone, supra* at 467-468.

Third, statutory remedies do exist to redress the retaliatory conduct alleged as the basis for the plaintiff's termination. The plaintiff alleges that in May 2000 she was directed by Dana to assist the company in responding to a charge of employment discrimination that had been filed against it by another employee and that she provided Dana with information that was beneficial to the claimant, but damaging to Dana. Proposed Amended Complaint, Third Count at ¶¶ 4-5. The proposed third count then alleges that Dana fired the plaintiff in retaliation for her having failed to provide information that would have assisted it in the defense of the employment discrimination charge. *Id.* at ¶9. In other words, the plaintiff alleges that Dana fired her because she did not provide it with information that was helpful to its defense of the discrimination charge, but provided information that was helpful instead to the claimant.

Although the plaintiff's proposed third count does not identify the nature of the employment discrimination charge that had been filed against Dana, all federal and state anti-discrimination statutes that could apply under the alleged circumstances prohibit discrimination against an employee for opposing discriminatory employment practices or for having assisted, aided or encouraged other employees in exercising their rights under the state and federal civil rights laws. *See, e.g.*, 29 U.S.C. §623(d)(the "ADEA"); 42 U.S.C. §§ 12203(a), (b)(the "ADA"); 42 U.S.C. §2000e-3(a)("Title VII"); C.G.S. §46a-60(a)(4)(the "CFEPA").

Courts that have considered the same or similar claims have concluded that the conduct the plaintiff alleges to have been engaged in is protected activity and would be actionable, if the employer took adverse action against the employee because of it. For example, in *Enstrom v. Beech Aircraft Corporation*, 712 F.Supp. 841 (D.Kan. 1989), a terminated employee brought suit against her former employer, claiming that her termination was in retaliation for failing to give testimony favorable to her employer in an EEOC investigation of another employee, in violation of Title VII. The court found that the employee's alleged conduct was protected activity under Title VII. *Id.* at 848-550. Therefore, if the plaintiff could prove that Dana terminated her employment because she provided information that

13

was helpful to the claimant and not helpful to Dana, such conduct would be protected under state and federal law and a remedy would be provided for the plaintiff to pursue. *See also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000)(expression of support for co-workers who filed formal charges constitutes protected "opposition" activity); *Grant v. Hazelett Strip-Casting Corp.*, 880 F.2d 1564, 1567, 1560-1570 (2d Cir. 1989)(refusal to destroy document containing evidence of age discrimination constitutes protected "opposition" activity); *Merkel v. Scovill, Inc.*, 787 F.2d 174, 179-180 (6th Cir.), *cert. denied*, 479 U.S. 990 (1986)(refusal to participate in an EEOC investigation by signing false affidavit constitutes protected "opposition" activity).

Accordingly, multiple statutory remedies exist under Title VII, the ADEA, the ADA and the CFEPA for the plaintiff to have pursued in order to redress the violation of public policy represented by her alleged retaliatory discharge. The existence of these statutory remedies would preclude the plaintiff's common law action for wrongful or retaliatory discharge. Therefore, the plaintiff's third count in her proposed amended complaint would be futile, as it could not survive a motion to dismiss. For this reason, the Court should not permit the plaintiff to amend her complaint.

### IV. CONCLUSION

For all of the foregoing reasons, the plaintiff's request for leave to amend her complaint should be denied.

DANA CORPORATION

By: *Hugh W. Cuthbertson*
Hugh W. Cuthbertson ct04133
Siegel, O'Connor, Zangari,
  O'Donnell & Beck, P.C.
59 Elm Street, Suite 200
P.O. Drawer 906
New Haven, CT  06504
Telephone: (203) 789-0001
Facsimile: (203) 782-2766
Email:
hcuthbertson@siegeloconnor.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2004, a copy of the foregoing memorandum of law in opposition to the plaintiff's request for leave to amend complaint was mailed by first class mail, postage prepaid, to Steven D. Jacobs, Esq., Jacobs, Jacobs & Shannon, P.C., 265 Orange Street, New Haven, CT 06510.

*Hugh W. Cuthbertson*
Hugh W. Cuthbertson