UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHERINE I. SULLIVAN, | : |
| Plaintiff, | : CASE NO. 3:02CV01932 (AVC) |
| v. | : |
| DANA CORPORATION (VIRGINIA), | : |
| Defendant. | : MAY 10, 2004 |

## MOTION TO MODIFY PRETRIAL DEADLINES

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, Local Civil Rules 7(b) and 16(b), and paragraph 3 of this Court's Standing Order on Scheduling in Civil Cases, the defendant, Dana Corporation ("Dana"), moves to modify the existing pretrial deadlines in this case by extending the date by which dispositive motions may be filed until June 15, 2004. For the reasons set forth below, good cause exists for the modification herein requested.

On March 15, 2004, the plaintiff filed a motion to extend the discovery deadline from March 31, 2004, until May 14, 2004. The undersigned consented on behalf of Dana to the plaintiff's motion on the condition that the plaintiff's motion include a request that the deadline for filing dispositive motions be

**ORAL ARGUMENT NOT REQUESTED**

extended until June 15, 2004.[1]  Counsel for the plaintiff, Mr. Jacobs, agreed to this request.  Unbeknownst to the undersigned, Mr. Jacobs inadvertently neglected to include in his motion for an extension of pretrial deadlines a request that the deadline for the filing of dispositive motions be extended until June 15, 2004.

The undersigned thereupon left for a two-week family vacation out of the country.  Upon the undersigned's return, he inquired of Mr. Jacobs concerning whether his motion for a modification of the pretrial deadlines had been granted.  Mr. Jacobs informed the undersigned that he had received no CMCEF notification of a ruling on the plaintiff's motion and that he would inquire of chambers.[2]  Mr. Jacobs subsequently notified the undersigned that he inquired of chambers and was informed that his motion had been granted.  The docket report entry available on the Pacer system states (entry #30) that the plaintiff's motion for extension of time until May 14, 2004, within which to complete discovery had been granted.[3]

The undersigned, therefore, assumed that discovery had been extended until May 14, 2004 and that the date for filing

---

[1] This Court's Standing Order on Scheduling in Civil Cases establishes a presumptive schedule allowing for thirty days after the close of discovery for the filing of motions for summary judgment.  *Id.* at ¶¶ 2(d), (e).
[2] The undersigned also received no CMCEF notification of a ruling on the plaintiff's motion.
[3] That portion of the court's endorsement indicating the date to which discovery had been extended was unfortunately not legibly reproduced on the Pacer system.

2

dispositive motions had also been extended until June 15, 2004. Mr. Jacobs neglected to recall that he had not included a request to extend the deadline for the filing of dispositive motions in his motion to extend the pretrial deadlines. Mr. Jacobs, therefore, also thought that the deadline for filing dispositive motions had been extended.

In the meantime, counsel for both parties were diligently pursuing the completion of discovery as well as attending to their responsibilities with respect to their participation in settlement conferences held before Parajudicial Officer J. Read Murphy. The initial session of that conference was held on April 1, 2004. That conference was not completed that day and it was continued until April 21, 2004 and, subsequently, until May 5, 2004 and May 26, 2004. The parties are proceeding in good faith before Mr. Murphy and the conference was most recently continued as a result of Mr. Jacobs' trial status in Stamford Superior Court.

The undersigned learned for the first time on May 7, 2004, that the date for filing a dispositive motion had not been extended when he received electronic notification of the issuance of the Court's pretrial order. Both counsel have been proceeding diligently and in good faith in this case, but were under the mistaken belief that the deadline for the filing of dispositive motions was June 15, 2004. The defendant believes

that this case is capable of disposition on summary judgment and had intended, therefore, to prepare and file a motion for summary judgment in the event that the parties were not able to settle this matter.

It is respectfully submitted that the interests of justice will better be served by having the deadline for the filing of dispositive motions extended until June 15, 2004, so that the parties may complete their settlement discussions before Mr. Murphy on May 26. If those discussions prove to be unsuccessful, Dana should be permitted an adequate opportunity to prepare and present to the Court a motion for summary judgment by which it believes this case may properly be decided.

Steven D. Jacobs, counsel for the plaintiff, has been contacted and has authorized the undersigned to represent that he has no opposition to this motion.

Dana has filed one prior motion for an extension of time with respect to this same limitation.

DANA CORPORATION

By: *Hugh W. Cuthbertson*
Hugh W. Cuthbertson ct04133
Siegel, O'Connor, Zangari,
  O'Donnell & Beck, P.C.
59 Elm Street, Suite 200
P.O. Drawer 906
New Haven, CT 06504
Telephone: (203) 789-0001
Facsimile: (203) 782-2766
Email:
hcuthbertson@siegeloconnor.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2004, a copy of the foregoing motion to modify pretrial deadlines was mailed by first class mail, postage prepaid, to Steven D. Jacobs, Esq., Jacobs, Jacobs & Shannon, P.C., 265 Orange Street, New Haven, CT 06510.

*Hugh W. Cuthbertson*
Hugh W. Cuthbertson